PER CURIAM.
Contending that its handling of this workers’ compensation claim is “lacking in the display of unreasonableness required *917 for a showing of malice, oppression, or willful, wanton, or reckless disregard of the rights of the claimant,” Exceptional Children’s Home & Nursery, Inc. v. Fortuna, 414 So.2d 1130, 1131 (Fla. 1st DCA 1982), the self-insured employer urges that we reverse the deputy’s order awarding “bad faith” attorney’s fees pursuant to section 440.34(2)(b), Florida Statutes (1979).
We affirm. Four episodes mar the employer’s handling of this claim: the employer ended temporary total benefits by declaring MMI, of which there was then no evidence; then implausibly misconstrued, as suggesting a medical consultation already inconclusively gotten, the Division specialist’s recommendation of a medical consultation on temporary partial disability; again resisted, some months later, claimant’s renewed claim for medical care; and, after finally capitulating on the medical care issue, waited more than two weeks to confirm that claimant’s disc surgery had validated his year-long claims of continuing pain, so finally paying past due benefits. Considered individually these episodes may not seem extraordinary. But in cumulative effect they represent a year’s betting by the servicing agent that claimant was of sound body when in fact he was not. The deputy could well have found this stonewalling offensive to the standards enunciated in Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981) and its progeny, most particularly Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982), and sufficient to constitute “bad faith.”
AFFIRMED.
ROBERT P. SMITH, Jr., and BOOTH and WIGGINTON, JJ., concur.